IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY ROWELL and
TAMI GOSVENOR ROWELL,

                    Plaintiffs,


        vs.                                    Case No. 05-1078-JTM


MARK R. KING, DEBORAH KLAUS,
KRISTI KLAUS, and DON EVANS, in his
official and individual capacity,

                    Defendants.


MEMORANDUM AND ORDER

        Defendants Deborah and Kristi Klaus have moved to dismiss certain elements of the

Amended Complaint, specifically Counts 1 and 2 (deprivation of constitutional rights under 42

U.S.C. § 1983), 4 (intentional infliction of emotional distress), 5 (false light invasion of privacy),

6 (invasion of privacy on seclusion), 9 (civil conspiracy) and 10 (aiding and abetting).  For the

reasons stated herein, the court hereby grants defendants' motion.

        In support of their motion to dismiss, defendants present the following facts.  The Rowells

in their response make no challenge to this factual statement.  On November 10, 2004, defendant

Deborah Klaus obtained a judgment against the Rowells in the amount of $2,426.84, plus $56.00

costs, in Sedgwick County small claims court.  The judgment was not satisfied, and defendant

Deborah Klaus filed a "Praecipe for Execution" on February 28, 2005, asking the court to execute

against the Rowells' property at 414 Pearl, Mulvane, Kansas 67110.  On February 28, 2005 at

approximately 1:26 p.m., a Writ of Execution was issued by a Sedgwick County District Court Judge.

About one hour later, the writ was executed by defendant Mark King, an appointed process server hired by Deborah Klaus.  Officer Don Evans of the Mulvane Police Department arrived almost simultaneously at the Rowells' residence.

King and Officer Evans followed the Rowells inside their home.  After Larry Rowell indicated there was a weapon in the house, Officer Evans went into the house to locate a .22 caliber rifle.  The Rowells were given documents relating to the judgment against them.

King asked the Rowells about their bank balance and their vehicles, and King confiscated a pocket knife from Larry Rowell.  He also ordered Larry Rowell to go to the bank and return with the money in the bank account. Larry Rowell went to the bank and Officer Evans left. Rowell returned from the bank with $40.00.

King selected and seized some of the Rowells' personal property.  He also called defendant Kristi Klaus to help him as he needed someone to drive the Rowells' truck.

Kristi Klaus later arrived with a camera.  She walked through the Rowells' house and took pictures.  Later she drove away from the property in the Rowells' truck with the Rowells' property.

The Rowells argue that § 1983 liability arises because Officer Evans and process server King were state actors.  In particular, the Rowells argue that King should be considered a state actor in light of KSA 61-3003a(d)(3), which governs the actions of process servers.

The court finds no basis for § 1983 liability in light of the circumstances of the case.  KSA 61-3003a(d)(3) provides:

Service, levy and execution of all process under this subsection, including, but not limited to, writs of execution, orders of attachment, replevin orders, orders for delivery, writs of restitution and writs of assistance, shall be made by a sheriff within the sheriff's county, by the sheriff's deputy, by an attorney admitted to the practice of law before the supreme court of Kansas or by some person appointed as a process server by a judge or clerk of the district court, except that a subpoena may also be served by any other person who is not a party and is not less than 18 years of age. Process servers shall be appointed freely and may be authorized either to serve process in a single case or in cases generally during a fixed period of time. A process server or an authorized attorney may make the service anywhere in or out of the state and shall be allowed the fees prescribed in K.S.A. 28-110, and amendments thereto, for the sheriff and such other fees and costs as the court shall allow. All persons authorized under this subsection to serve, levy and execute process shall be considered an 'officer' as used in K.S.A. 60- 706 and 60-2401, and amendments thereto.

By its terms, the statute does not automatically render process servers "state actors" for all purposes, including potential § 1983 liability. Instead, the statute merely provides that, with respect to execution or attachment, process servers should act in accordance with specific procedures for those remedies set forth in KSA 60-706 and 60-2401. Generally a private party's use of civil enforcement procedures does not constitute state action. *See Steele v. Stephan*, 633 F.Supp. 950 (D.Kan. 1986).

In any event, whether it is premised on the limited actions of Officer Evans or the more extensive acts of process server King, the Rowells' § 1983 claim cannot survive against the Klaus defendants because of the wholly conclusory nature of the conspiracy allegations raised by the Rowells as to the Klauses. The Rowells argue that the Klauses "put in motion the chain of events" which led to the alleged constitutional deprivation. (Plf. Resp. at 4-5). Plaintiffs' allegations of conspiracy as to the § 1983 claim do not rise above this wholly conclusory level, and such claims will not stand in the face of a motion to dismiss. *See Steele*, 633 F.Supp. at 952 (D. Kan. 1986). Whether viewed in relation to the supposed state action, or as to the separate civil conspiracy claim

of Count 9, the plaintiffs have wholly failed to articulate any but the most generalized and conclusory claims with respect to the supposed conspiracy.

The court will also grant defendants' motion to dismiss as to the claim of intentional infliction of emotional distress. The plaintiffs' contention that the motion is premature is unfounded. The legal standard for such a claim is high, *Moore v. State Bank of Burden*, 240 Kan. 382, 729 P.2d 1205, 1211 (1986), and the alleged facts presented to the court fall far short of this standard. Plaintiffs fail to show how additional discovery could alter this result.

The court will dismiss the Rowells' claim for false light invasion of privacy, since there is no allegation that the information was published to the public at large, or to so many persons that eventual general public knowledge is substantially certain. *Frye v. IBP, Inc.*, 15 F.Supp.2 1032 (D. Kan. 1998). Here, plaintiffs have alleged at most that neighbors observed the arrival of King and Evans, not that they observed any seizure of property. They have failed to plead or show that the facts underlying the alleged invasion of privacy were communicated to any person not a party to the present litigation.

The court will dismiss the claim for invasion of privacy upon seclusion, since the allegations presently advanced by the Rowells do not rise to the level which would be highly offensive to a reasonable person. *See Froelich v. Adair*, 213 Kan. 357, 516 P.2d 993 (Kan. 1973). Again, the standard required to show a violation of this right is particularly high. *See* Restatement (Second) of Torts, § 46 (comment d) (defendant's actions must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency"). Even assuming the conduct of the execution upon judgment was legally flawed, the court finds that the actions cited in the complaint do not rise to the required level, when viewed from the perspective of a reasonable debtor.

Finally, the court will grant the motion to dismiss as to the aiding and abetting claim against Kristi Klaus.  This is not, as plaintiffs argue in their response, a matter of the court being asked to serve as the jury on this issue.  Rather, it reflects the failure of the Rowells to provide any specific allegations as to two of the essential elements of such a claim — that Kristi Klaus knew at the time of her assistance that she was acting as part of an overall tortious or illegal activity, and that Kristi Klaus knowingly and substantially helped in the principal violation. *See York v. Intrust Bank*, N.A., 265 Kan. 271, 297-8, 962 P.2d 405, 424 (1998).

IT IS ACCORDINGLY ORDERED this 30th day of August, 2005 that the defendants' Motion to Dismiss (Dkt. No. 9) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE