IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY ROWELL and TAMI GOSVENOR ROWELL,

        Plaintiffs,

vs.

Case No.05-1078-JTM

MARK R. KING, DEBORAH A. KLAUS, and KRISTI KLAUS,

        Defendants.

MEMORANDUM AND ORDER

By prior order, (Dkt. No. 20), the court granted the Klaus defendants' Motion to Dismiss certain elements of the action. The plaintiffs have since moved for reconsideration of the court's order, arguing that the court erred and failed to apply the correct standard of review to the motion to dismiss. In particular, the plaintiffs cite the court's observation noting the absence of any response as to defendants' factual allegations.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484

(10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court applied the correct standard of review to the motion to dismiss. The language cited by plaintiffs and stripped from the context of the opinion was not in itself the basis for the court's order. Dismissal was and remains appropriate because neither in any responsive pleading nor in their amended complaint have the plaintiffs ever alleged specific facts which would justify relief under the claims in question. The remainder of plaintiffs' arguments are a mere restatement of arguments which were or could have been advanced in their original response, and hence are not are valid basis for reconsideration.

In addition to responding to the motion for reconsideration, the Klaus defendants have also requested clarification on the court's order as to whether it would retain supplemental jurisdiction over the action against them under 28 U.S.C. § 1367(a). The Klauses contend that the court should decline supplemental jurisdiction under §§ 1367(a)(3) and (a)(4). Although the Clerk of the Court denominated this portion of the response as a separate motion, and gave notice of this motion to the plaintiffs, the plaintiffs have filed no response to the request to decline supplemental jurisdiction. The defendants' request for relief will be granted for good cause shown and pursuant to D.Kan. Rule 7.4.

IT IS ACCORDINGLY ORDERED this 19th day of January, 2006, that the plaintiffs' Motion for Reconsideration (Dkt. No. 21) is denied; defendants' Motion for Clarification (Dkt. No. 29) is granted as provided herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE